■ TufAmerica, Inc., Respondent, v EMI Unart Catalog, Inc., Appellant. [63 NYS3d 236]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered September 12, 2016, which, to the extent appealed

from, denied defendant's motion for summary judgment dismissing the complaint as to five of the seven named songs, unanimously affirmed, with costs.

Defendant music publisher failed to establish prima facie that plaintiff music publisher did not own the exclusive administration rights to certain songs by George Patterson, a musician and composer, who died in 2003 (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). It was not plaintiff's burden on defendant's motion to prove that it owned those rights (id.). Defendant failed to demonstrate either the invalidity of a 2001 agreement by which Patterson allegedly transferred the rights to plaintiff or the validity of a 1973 agreement by which, allegedly, defendant's predecessor in interest, Kama Sutra Music Inc., acquired those rights from Patterson.

The motion court denied defendant's motion on the ground that defendant did not show a clear chain of title from Kama Sutra to itself to the rights conveyed through the 1973 agreement. Defendant contends that its own chain of title is irrelevant because in any event rights conveyed to Kama Sutra in 1973 could not have been conveyed to plaintiff in 2001. However, defendant did not show that those rights were still intact and held by some entity other than itself in 2001. Thus, defendant failed to establish that it, or anyone, was in possession of those rights at the time the 2001 agreement was entered into or is in possession of those rights at present.

We have considered defendant's remaining contentions and find them unavailing. Concur—Manzanet-Daniels, J.P., Andrias, Gische, Kern and Singh, JJ.